UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO HERRERA,

                            Plaintiff,

– against –

D & A AUTO COLLISSION OF SUFFOLK
COUNTY, INC., SUSAN CIANFARANO, and
ANGELO CIANFARANO,

                            Defendants.

Case No.: 18-CV-01058 (SJF) (AKT)

ANSWER

Defendants, D & A AUTO COLLISSION OF SUFFOLK COUNTY, INC., SUSAN CIANFARANO, and ANGELO CIANFARANO, by and through their attorneys, ZABELL & ASSOCIATES, P.C., answer the Amended Complaint as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint to the extent no violation of law occurred.

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint to the extent no violation of law occurred.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint to the extent no violation of law occurred.

## JURISDICTION AND VENUE

4. Defendants deny the allegations contained in Paragraph "4" of the Complaint to the extent no violation of law has occurred.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint to the extent no violation of law has occurred.

6. Defendants deny the allegations contained in Paragraph "6" of the Complaint to the extent that the allegations constitute a legal conclusion to which no response is required. Defendants further deny the allegations to the extent no violation of law has occurred.

## PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph "7" of the Complaint.

8. Defendants admit the allegations as set forth in paragraph "8" of the Complaint.

9. Defendants admit the allegations as set forth in paragraph "9" of the Complaint as to Defendant Angelo Cianfarano. Defendants deny the allegations as to Defendant Susan Cianfarano.

10. Defendants deny the allegations as set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations as set forth in paragraph "11" of the Complaint.

12. Defendants deny the allegations as set forth in paragraph "12" of the Complaint.

## STATEMENT OF FACTS

13. Defendants admit the allegations as set forth in paragraph "13" of the Complaint.

14. Defendants deny the allegations as set forth in paragraph "14" of the

Complaint.

15. Defendants admit the allegations as set forth in paragraph "15" of the Complaint as to Defendant D & A only. Defendants deny the allegations to Susan Cianfarano and Angelo Cianfarano.

16. Defendants admit the allegations as set forth in paragraph "16" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Susan Cianfarano and Angelo Cianfarano

17. Defendants deny the allegations as set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations as set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations as set forth in paragraph "19" of the Complaint.

20. The allegations contained in Paragraph "20" of the Complaint are a legal conclusion to which no response is required.

21. Defendants deny the allegations as set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations as set forth in paragraph "22" of the Complaint.

23. The allegations contained in Paragraph "23" of the Complaint are a legal conclusion to which no response is required.

24. Defendants deny the allegations as set forth in paragraph "24" of the

Complaint to the extent no violation of law occurred.

25. Defendants deny the allegations as set forth in paragraph "25" of the Complaint to the extent no violation of law occurred.

26. The allegations contained in Paragraph "26" of the Complaint are a legal conclusion to which no response is required.

27. The allegations contained in Paragraph "27" of the Complaint are a legal conclusion to which no response is required.

28. Defendants admit the allegations as set forth in paragraph "28" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

29. Defendants admit the allegations as set forth in paragraph "29" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

30. Defendants admit the allegations as set forth in paragraph "30" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

31. Defendants admit the allegations as set forth in paragraph "31" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

32. Defendants admit the allegations as set forth in paragraph "32" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

33. Defendants deny knowledge or information sufficient to form a belief as to the allegations as set forth in paragraph "33" of the Complaint.

34. Defendants admit the allegations as set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations as set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations as set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations as set forth in paragraph "37" of the Complaint to the extent no violation of law occurred.

38. Defendants deny the allegations as set forth in paragraph "38" of the Complaint to the extent no violation of law occurred.

### FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq. (Unpaid Overtime Wages)

39. Inasmuch as a response is required to Paragraph "39" of the Complaint, Defendants incorporate each and every prior response as if those responses were fully restated herein.

40. The allegations contained in Paragraph "40" of the Complaint are a legal conclusion to which no response is required.

41. The allegations contained in Paragraph "41" of the Complaint are a legal conclusion to which no response is required.

42. Defendants admit the allegations as set forth in paragraph "42" of the Complaint as to Defendant D & A only. Defendants deny the allegations as to

Defendant Susan Cianfarano and Defendant Angelo Cianfarano.

43. The allegations contained in Paragraph "43" of the Complaint are a legal conclusion to which no response is required.

### Relief Demanded

44. The allegations contained in Paragraph "44" of the Complaint are a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

45. Inasmuch as a response is required to Paragraph "45" of the Complaint, Defendants incorporate each and every prior response as if those responses were fully restated herein.

46. The allegations contained in Paragraph "46" of the Complaint are a legal conclusion to which no response is required.

47. The allegations contained in Paragraph "47" of the Complaint are a legal conclusion to which no response is required.

### Relief Demanded

48. The allegations contained in Paragraph "48" of the Complaint are a legal conclusion to which no response is required.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190. 191. 193. 195 and 198 (Unpaid wages/unlawful deductions, etc.)

49. Inasmuch as a response is required to Paragraph "49" of the Complaint, Defendants incorporate each and every prior response as if those responses were fully restated herein.

50. The allegations contained in Paragraph "50" of the Complaint are a legal

conclusion to which no response is required.

51. The allegations contained in Paragraph "51" of the Complaint are a legal conclusion to which no response is required.

52. The allegations contained in Paragraph "52" of the Complaint are a legal conclusion to which no response is required.

53. The allegations contained in Paragraph "53" of the Complaint are a legal conclusion to which no response is required.

## Relief Demanded

54. The allegations contained in Paragraph "48" of the Complaint are a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

55. The allegations contained in Paragraph "55" of the Complaint are a legal conclusion to which no response is required.

56. The allegations contained in Paragraph "56" of the Complaint are a legal conclusion to which no response is required.

57. The allegations contained in Paragraph "57" of the Complaint are a legal conclusion to which no response is required.

58. The allegations contained in Paragraph "58" of the Complaint are a legal conclusion to which no response is required

59. The allegations contained in Paragraph "59" of the Complaint are a legal conclusion to which no response is required.

60. The allegations contained in Paragraph "60" of the Complaint are a legal

conclusion to which no response is required.

61. The allegations contained in Paragraph "61" of the Complaint are a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

62. The Complaint fails to set forth a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

64. Any and all monies to which Plaintiff and all other employees of Defendants are entitled has been paid in accordance with federal and state law.

### FOURTH AFFIRMATIVE DEFENSE

65. Defendants will seek an offset against any putative award in Plaintiff's favor in the form of sums he misappropriated during his period of employment.

### FIFTH AFFIRMATIVE DEFENSE

66. All actions undertaken by Defendants were done in good faith and in full compliance with the law.

### SIXTH AFFIRMATIVE DEFENSE

67. Some, or all, of the disputed time for which Plaintiff seeks recovery involves

wages purportedly owed for time that is not compensable pursuant to the *de minimus* doctrine and rounding regulations.

### SEVENTH AFFIRMATIVE DEFENSE

68. Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to his FLSA claims.

### EIGHTH AFFIRMATIVE DEFENSE

69. Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff were taken in good faith and were not willful.

### NINTH AFFIRMATIVE DEFENSE

70. This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

### TENTH AFFIRMATIVE DEFENSE

71. This action is barred, in whole or in part as to all hours allegedly worked by Plaintiff of which Defendants lacked actual or constructive knowledge.

### ELEVENTH AFFIRMATIVE DEFENSE

72. If Plaintiff succeeds in establishing any violation under the FLSA or the New

York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above her wages.

### PRAYER FOR RELIEF

**WHEREFORE**, the answering Defendants demand judgment dismissing Plaintiff's Complaint with costs, disbursements and attorneys' fees; awarding judgment against Plaintiff and for such other and further relief as this court may deem just and proper.

Defendants expressly reserve the right to amend their Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

Dated: Bohemia, New York
       March 12, 2018

                                    ZABELL & ASSOCIATES, P.C.
                                    *Attorneys for Defendants*

                              By:   _____
                                    Saul D. Zabell, Esq.
                                    1 Corporate Drive, Suite 103
                                    Bohemia, New York 11716
                                    Tel.: (631) 589-7242
                                    Fax: (631) 563-7475
                                    szabell@laborlawsny.com